THE PEOPLE ex rel. THE EDISON ELECTRIC ILLUMINATING COMPANY of New York, Respondent, *v.* EDWARD WEMPLE, Comptroller, etc., Appellant.

Where a corporation was organized under the act of 1848 (Chap. 37, Laws of 1848), providing for the incorporation of gas companies, but under the authority given by the act of 1879 (Chap. 512, Laws of 1879), was exclusively engaged in generating and supplying electric currents for the purpose of illumination, *held*, that it was a manufacturing corporation within the meaning of the exemption clause of the act providing for the assessment and taxation of certain corporations (Chap. 542, Laws of 1880, as amended by chap. 361, Laws of 1881), and so was exempt from taxation prior to the passage of the amendatory act of 1889 (Chap. 353, Laws of 1889), which took electric light companies out of the exemption clause; that the fact that the corporation was not organized under the General Manufacturing Act did not affect its character as a manufacturing corporation.

(Argued December 14, 1891; decided January 20, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made the first Tuesday of May, 1891, which modified, and affirmed as modified, a decision of the comptroller of the state in the matter of the assessment of taxes against the relator, and from an order of said General Term, made the second Tuesday of September, 1891, directing a resettlement of such order and judgment, and from so much thereof as modified the decision of said comptroller, and from an order of said General Term made on the second Tuesday of September, 1891, which denied a motion for an amendment or modification of the order made the first Tuesday of May, 1891, or for a reargument.

The following is the opinion in full:

" The questions involved in this case are the same as those passed upon by us at this term in the case of *People ex rel.* v. *Brush Electric Illuminating Co.* v. *Wemple, Comptroller, etc.**\*** The record does not show any material difference in the facts out of which the questions arise. The relator was incorporated December 16, 1880, under chapter 37 of the act of 1848, providing for the incorporation of gas companies, whereas the relator in the other case was incorporated under what is known as the act for incorporating manufacturing companies, passed the same year. We do not think it is material how, or under what particular statute, the relator came into existence as a corporation. The material question is whether, during the years for which the tax in question was paid, it was engaged in business as a manufacturing company within this state. It was incorporated subsequent to the passage of the act (Chap. 512, Laws of 1879) authorizing gas companies to engage in the business of supplying electric currents for purposes of illumination. Since its incorporation, the relator's sole business has been the manufacture and sale of electric currents for purposes of illumination, within the city of New York, and its entire capital has been and is employed in that business. The relator made the reports and paid the taxes under chapter 542 of the Laws of 1880, as amended by chapter 361 of the Laws of 1881, for the years 1886, 1887 and 1888, but made no reports and paid no taxes for the years 1881 to 1885 inclusive. The comptroller caused an investigation of its affairs to be made, and on the 21st of February, 1890, settled an account against it for taxes and penalties amounting to $5,090.45, and served a copy of the same. No warrant was issued to collect the tax, but the relator, on March 24, 1890, paid it into the state treasury. On July 2, 1890, it filed an application in the form of a petition, accompanied by affidavits showing the nature of its business, with the comptroller, asking that the account settled against it for taxes be revised and resettled under the act of 1889. On November 26, 1890, the comptroller denied this application, and on the 26th of December, 1890, the relator, upon a petition, gave notice of an application for the writ

---

\* *Ante*, page 543.

of certiorari, on the 5th of January, 1891, which was allowed. The General Term modified the determination of the comptroller by deducting a considerable sum for penalties, which had been included in the account as settled, and as thus modified the decision of the comptroller was affirmed. The state could not lawfully demand the tax if the relator was a manufacturing corporation, and we have held in the case of the *Brush Company* that it was, and as such was exempt from payment of the tax for the years for which it was assessed.

"The judgment of the General Term and determination of the comptroller should, therefore, be reversed on the relator's appeal, and the comptroller directed to resettle the account and credit to the relator the amount of the tax and penalties paid, with costs in all courts."

*Charles F. Tabor, Attorney-General,* for appellant.

*Eugene H. Lewis* for respondents.

O'BRIEN, J., reads for reversal.
All concur.
Judgment reversed.